IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CYNTHIA STIGER**, § | | |
| **ID # 44137-177,** § | | |
| § | | |
| Movant, § | Civil Action No. **3:22-CV-2177-L-BT** | |
| § | Criminal Action No. 3:12-CR-54-L(2) | |
| v. § | | |
| § | | |
| **UNITED STATES OF AMERICA**, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Cynthia Stiger's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), filed on September 30, 2022 (Doc. 1). After careful consideration and based on the relevant filings and applicable law, the court, for the reasons herein stated, **denies** the Motion and **dismisses with prejudice** this action.

### I. Background

Movant challenges her federal conviction and sentence in Cause No. 3:12-CR-54-L(2). The respondent is the United States of America ("Government").

#### A. Conviction and Sentencing

After pleading not guilty and proceeding to a jury trial on a 17-count superseding indictment with three of her six co-defendants, Movant was found guilty of the single count with which she was charged, conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349. *See* Docs. 131, 801.[1] By judgment dated October 27, 2017, she was sentenced to 120 months'

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:12-CR-54-L(2).

imprisonment, to be followed by three years of supervised release. *See* Doc. 1046 at 1-3.[2] She was also ordered to pay restitution, jointly and severally with two of her co-defendants, in the amount of $23,630,777.26. *See id.* at 5. The judgment was affirmed on direct appeal. *See* Docs. 1147, 1149; *United States v. Veasey*, 843 F. App'x 555 (5th Cir. 2021). On October 4, 2021, the Supreme Court denied her petition for a writ of certiorari. *See* Doc. 1158; *Stiger v. United States*, 142 S. Ct. 201 (2021).

### B. Substantive Claims

Movant's Motion asserts five grounds of ineffective assistance of trial counsel based on counsel's failure to: (1) refile a motion for an accounting expert; (2) adequately prepare for trial and communicate with Movant; (3) challenge a Government witness's prior misconduct; (4) call witnesses requested by Movant; and (5) call sur-rebuttal witnesses. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 4-10. The Government filed a response on January 23, 2023. *See id.*, doc. 18. Movant filed a reply on February 22, 2023. *See id.*, Doc. 21.

## II. Scope of Relief Under § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also*

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.   Discussion

   **A.   Ineffective Assistance of Counsel**

In each of her grounds for relief, Movant contends that her trial counsel rendered ineffective assistance. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 4-10.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the movant's defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or

the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### 1. Accounting Expert Motion

In her first ground, Movant contends that counsel was ineffective for failing to refile a motion for preauthorization for payment for an expert forensic accountant and certified fraud examiner after the first motion was denied without prejudice to refiling. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 4; Docs. 482-83. According to Movant, because the motion was not refiled, she was "unable to adequately contest the amount claimed as loss amount during trial, the loss amount calculated for assessing additional offense levels at sentencing, or the amount of restitution that she was ordered to pay at sentencing and contained in the judgment." No. 3:22-CV-2177-L-BT, Doc. 1 at 4; *see also id.*, Doc. 2 at 16-18; *id.*, Doc. 4 at 6-7. In her affidavit, she further argues that the accounting expert "could have testified that the amounts withdrawn into cash [from Movant's home healthcare agency's ("HHA") accounts] were used for non-fraudulent purposes." *Id.*, Doc. 4 at 7.

Assuming, without deciding, that counsel rendered deficient performance by not refiling the motion for preauthorization for payment of the designated accounting expert as alleged, *Strickland* still requires a showing of resulting prejudice, that is, a reasonable probability that the result of the trial would have been different, or, in the sentencing context, that Movant's sentence would have been less harsh but for counsel's alleged deficiency. *See Strickland*, 466 U.S. at 694; *Glover v. United States*, 531 U.S. 198, 200 (2001).[3] Movant fails to make this showing. Even

---

[3] In her habeas filings, Movant appears to assume that habeas relief or an evidentiary hearing is warranted because the Government did not submit an affidavit from Movant's trial counsel addressing the bases of her claims of ineffective assistance of counsel. *See generally* No. 3:22-CV-2177-L-BT, Doc. 21. Movant bears the burden of proof to show that she is entitled to habeas relief, however, by overcoming the "'strong presumption' that counsel's conduct is

**Memorandum Opinion and Order – Page 4**

assuming the court would have granted a refiled motion, Movant has provided only her own unsubstantiated conclusions and speculation regarding what the designated accounting expert – or any other accounting expert – could or would have testified to at trial or sentencing regarding the loss and restitution amounts or the purposes for which cash withdrawn from Movant's HHA were used. *See* No. 3:22-CV-2177-L-BT, Doc. 4 at 7. Such conclusory allegations, unsubstantiated by anything in the record, are insufficient to show resulting prejudice under the second prong of *Strickland*. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Because Movant fails to satisfy the second prong of *Strickland*, she is not entitled to § 2255 relief on this claim, and it is denied.

### 2. Preparation and Communication

In her second ground, Movant contends that counsel was ineffective in connection with trial preparation because he failed to adequately communicate with her and was also litigating a case pending in the United States District Court for the District Court of New Mexico, *United States v. Jain*, No. 2:14-cr-01261-RB-1 (D.N.M. Apr. 16, 2014), in the months preceding Movant's trial. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 5; *id.*, Doc. 2 at 18-23. In essence, Movant argues that counsel's inadequate communication and work on another case constituted an unconstitutional failure to investigate. *See id.*, Doc. 2 at 20-21; *id.*, Doc. 4 at 2-3.

---

reasonable and the presumption that it could be considered sound trial strategy." *Miles v. United States*, No. A-22-CV-281-DII-ML, 2023 WL 8103950, at *3 (W.D. Tex. Aug. 2, 2023); *see also Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983).

**Memorandum Opinion and Order – Page 5**

"A defendant who alleges a failure to investigate on the part of [her] counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, No. 5:19-CV-145, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

As to counsel's involvement in the *Jain* case, Movant provides no facts or evidence beyond conclusory statements, supposition, and implication to show that counsel's trial preparation and representation of Movant was inadequate due to his role as co-counsel for the defendant in *Jain*.[4] Regarding her complaints that counsel did not adequately communicate with her, Movant fails to identify or explain what additional communication or direct interaction with counsel would have produced or achieved beyond assuaging her belief "that he was not working on my case." No. 3:22-CV-2177-L-BT, Doc. 4 at 2. Movant admits that she and counsel's paralegal (who was also counsel's wife) "covered everything" and "would work from 8 a.m. to 10 p.m.," she stayed at counsel's home to prepare for trial, and counsel's paralegal always advised her that all information was being shared with counsel. No. 3:22-CV-2177-L-BT, Doc. 4 at 2. Movant does not identify, much less show, what investigation or preparation counsel could or should have performed, what information or evidence counsel could or should have discovered therefrom, or how any of it would have benefitted her case. Her unsubstantiated and speculative allegations are insufficient to establish deficient performance under the first prong of *Strickland*. *See Schwander v. Blackburn*,

---

[4] Movant also blames counsel's "other cases" in addition to *Jain* as causes for the alleged insufficient time counsel spent on her case. No. 3:22-CV-2177-L-BT, Doc. 2 at 23. She does not provide any information or evidence pertaining to these other cases and their impact on counsel's performance in her case. Her conclusory allegation does not entitle her to relief under § 2255, and her claim is denied on this additional basis.

750 F.2d 494, 499-500 (5th Cir. 1985) (holding that "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel.") (quoting *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)); *Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530.

For the reasons discussed, Movant also fails to show a reasonable probability that the result of the proceedings would have been different had counsel not been providing legal representation in *Jain* or had counsel communicated more often or more directly with Movant. Movant's conclusory allegations of prejudice, unsubstantiated by anything in the record, are insufficient to show resulting prejudice under the second prong of *Strickland*. *See Ross*, 694 F.2d at 1011; *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Because Movant fails to satisfy her burden under both *Strickland* prongs, her second ground is denied.[5]

### 3. Prior Misconduct of Government Witness

In her third ground, Movant contends that counsel rendered ineffective assistance because of his "pretrial agreement to not ask about [Government witness] James Aston's [("Aston")] prior sexual misconduct with the 17-year old [sic] daughter of the woman he was then dating[.]" No. 3:22-CV-2177-L-BT, Doc. 3 at 1-2; *see also id.*, Doc. 3 at 7. Movant argues that Aston's conduct was relevant to impeach his testimony, and she posits that "[i]f the jury had been informed of this dishonest behavior, it could have considered that in judging Aston's credibility to decide whether

---

[5] To the extent Movant complains in her affidavit that counsel stated he would prepare her for her trial testimony but did not do so, the record is clear that Movant did not testify at trial, and she does not allege or indicate in any of her habeas filings here that she wanted, planned, or intended to testify at trial, much less show what her testimony would have been and how it would have altered the result of the trial. *See* No. 3:22-CV-2177-L-BT, Doc. 4 at 3. She therefore fails to establish that counsel was deficient for failing to prepare her to testify when there is no indication in the record that she was going to testify. She also fails to show a reasonable probability that the result of the trial would have been different had counsel prepared her to testify. To the extent asserted as another basis of ineffective assistance of counsel, her claim fails, and it is denied.

**Memorandum Opinion and Order – Page 7**

to believe his testimony that he heard [Movant] and Roy discuss 'ping-ponging' patients, which was a crucial part of the evidence that the government presented against [Movant] to convict her[.]" *Id.*, Doc. 3 at 2.

Here, Movant fails to show a reasonable probability that, had counsel opposed the Government's motion in limine precluding reference to Aston's sexual history as alleged, the court would have denied the motion in limine and permitted counsel to question Aston at trial on the prior misconduct, and the result of Movant's trial would have been different. In granting the Government's motion in limine as to Aston, the court expressly stated that "Aston's sexual history is not relevant to any issue in the case and any reference to his sexual history would be highly prejudicial." Doc. 727. Movant fails to show that, even if counsel had argued that Aston's sexual misconduct and his failure to disclose that conduct to his then-girlfriend decades previous was probative of his character for truthfulness in the underlying criminal proceeding, its probative value substantially outweighed its highly prejudicial effect recognized by the court. *See* Fed. R. Evid. 403. Instead, she simply avers that since the evidence was relevant to Aston's credibility, it was admissible. *See* No. 3:22-CV-2177-L-BT, Doc. 3 at 9. Movant also provides no facts or evidence showing a substantial likelihood that, had Aston been examined on his sexual history, a jury would have found Aston's testimony not credible and would have found Movant not guilty, especially in light of the totality of other evidence of Movant's guilt presented to the jury. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter,* 562 U.S. 86, 112 (2011)); *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong.").

**Memorandum Opinion and Order – Page 8**

Because Movant's allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed, and her claim is denied. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

### 4. Uncalled Witnesses

In her fourth and fifth grounds, Movant contends that trial counsel rendered ineffective assistance by failing to call witnesses at trial in her case-in-chief, and failing to call sur-rebuttal witnesses, respectively. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 8-10.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Gregory v. Thaler*, 601 F.3d 347, 352-53 (5th Cir. 2010). "This requirement applies to both uncalled lay and expert witnesses." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citing *Day*, 566 F.3d at 538) (citing in part *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where the petitioner failed to present evidence of what a scientific expert would have stated)).

#### a. Defense Witnesses

Between her brief and her affidavit in support of the Motion, Movant names several individuals whom she alleges counsel should have called during trial: Kay Hollers ("Hollers"), Amill Holmes ("Holmes"), Sylvia Williams ("Williams"), Marilyn Thompson ("Thompson"),

Pamela Pryor ("Pryor"), Marvin James, Sheena Mott, Daniel Sagala, Patricia Ochieng, Jacquie Ibarra, Tara Christy-Martin, and Gail Knox. *See* No. 3:22-CV-2177-L-BT, Doc. 2 at 24-28; *id.*, Doc. 4 at 3-5.

Apart from Hollers, Holmes, and Williams, Movant fails to provide any evidence beyond conclusory statements and speculation showing that the remaining proposed witnesses were available to testify at trial and would have done so, setting out the content of the witnesses' proposed testimony, and showing that the testimony would have been favorable to a particular defense. Her unsubstantiated speculation and conclusions that these witnesses would have testified and to what they would have testified are insufficient to show deficient performance and resulting prejudice under the first and second prongs of *Strickland*, respectively. *See Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530. Movant therefore is not entitled to § 2255 relief on this basis as to these witnesses for whom she provides no substantiating evidence.[6]

Regarding the proposed witnesses for whom Movant provides affidavit testimony—Hollers, Holmes, and Williams—Movant asserts that they "were more than just character witnesses," "could have testified as to the workings of [Movant's HHA], and the standards for providing patient care," and "would have provided the jury information relating to the health care industry, and [Movant's] participation in that industry." No. 3:22-CV-2177-L-BT, Doc. 2 at 27; *id.*, Doc. 21 at 5. The record is replete with testimony and evidence from Government and defense witnesses alike—including former employees of Movant—regarding the healthcare industry, the operation and practices of Movant's HHA, and Movant's role within her HHA, however. Movant

---

[6] In her affidavit, Movant also appears to complain that counsel did not cross-examine co-defendant Teri Sivils ("Sivils") about "the loan and management contract" between Movant's HHA and co-defendant Jacques Roy, and the alleged "reason that the management contract did not work out." No. 3:22-CV-2177-L-BT, Doc. 4 at 4. Movant offers no facts or evidence beyond her own conclusory and unsubstantiated statements to show what Sivils' knowledge was, what Sivils' testimony on the subject would have been, and how it would have helped Movant's defense, or to show resulting prejudice. Accordingly, to the extent Movant seeks to raise a claim of ineffective assistance of counsel based on counsel's cross-examination of Sivils, her claim is conclusory, and it is denied.

**Memorandum Opinion and Order – Page 10**

and the affiants do not identify or explain any information relating to same that would not have been cumulative of testimony already presented at trial.

As to the testimony each affiant would have offered about Movant's character for truthfulness, Movant appears to argue that the testimony was not cumulative of other character testimony because it would have been made in the context of the healthcare industry in which Movant and the affiants worked, rather than in a broader, general context. *See id.*, Doc. 2 at 27; *id.*, Doc. 21 at 4-5. The court nonetheless notes that Movant's "general" character witnesses who testified at trial and the three proposed witnesses appear to be providing the same substantive character testimony, namely, that Movant had a character for honesty and truthfulness. *See id.*, Doc. 2 at 27, 38-40, 42-44; *id.*, Doc. 7 at 1-2; *id.*, Doc. 21 at 4-5. Under these circumstances and given the record before the court, it finds that trial counsel's challenged conduct of not calling Hollers, Holmes, and Williams to testify at trial was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Movant has not overcome the strong presumption that counsel's representation was reasonable, and she has therefore failed to satisfy the first prong of *Strickland* as to these witnesses.

Even assuming for purposes of this Motion only that counsel rendered deficient performance as to these three witnesses, Movant has failed to show resulting prejudice under the second prong of *Strickland*. Aside from suggestion and conclusory statements, she provides no facts or evidence to show a substantial likelihood that the jury would have found her not guilty had counsel called these witnesses at trial, especially given the limited and arguably cumulative scope of the proposed testimony and the extent of the evidence supporting the jury's guilty verdict. *See Cullen*, 563 U.S. at 189; *Crane*, 178 F.3d at 312 (5th Cir. 1999). Her conclusory allegations of

prejudice are insufficient to satisfy her burden under *Strickland*. *See, e.g.*, *Miller*, 200 F.3d at 282 (5th Cir. 2000).

Accordingly, Movant's claim of ineffective assistance of counsel based on counsel's failure to call proposed defense witnesses at trial is denied.

### b. Sur-rebuttal Witnesses

Movant also contends that counsel should have called her son, Wesley Stiger ("W. Stiger"), and a nurse, Thompson, as sur-rebuttal witnesses to address rebuttal testimony from a Government witness regarding their respective text message exchanges with Movant. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 9-10; *id.*, Doc. 2 at 29-32.

The record shows that Special Agent Miranda Bennett ("Agent Bennett") testified as a rebuttal witness for the Government. *See* Doc. 974 at 38-57. Relevant here, Agent Bennett testified about text messages exchanged between Movant and W. Stiger, who also appeared to have been a compliance officer for Movant's HHA at some point, on the date that the FBI searched Movant's HHA in the underlying criminal investigation. *See id.* at 41-43. In the exchange, Movant confirmed in response to questions from W. Stiger that the FBI was at her HHA but was not at her home. *See id.* at 42. W. Stiger texted Movant that he "need[s] to get my computer out of there [the house] like now," and then sent a subsequent text stating, "I went home and got all the computers couldn't risk leaving them there." *Id.* at 42-43. On cross-examination, Movant's counsel elicited testimony from Agent Bennett confirming that W. Stiger, and not Movant, was the one "asking about or planning to review the computers," that W. Stiger was a law student at the time, and that Movant's home was not searched and no computers were taken from it. *Id.* at 52-53. Agent Bennett also testified about a text message exchange between Movant and Thompson relating to a patient. *See id.* at 43-44.

Here, W. Stiger provides affidavit testimony relating to his text exchange with Movant. *See* No. 3:22-CV-2177-L-BT, Doc. 2 at 79-80. He states:

> The reason that I sent those text messages to [Movant] discussing my desire to obtain my computer before it was seized by federal authorities was because it had sensitive and private personal information and a database of files and original writings compiled during my matriculation through law school, which I needed to prepare for the bar exam at the time. These messages were not sent in order to hide evidence of possible criminal activity.

*Id.* According to Movant, counsel's failure to call W. Stiger to testify as set forth in his affidavit "was deficient because the jury was left with the impression that [W.] Stiger was texting his mother about obtaining his computer before federal agents seized [it] to conceal evidence of criminal activity, when in fact it was because the computer contained personal information, and related documents that [W.] Stiger needed to pass the bar examination that he would be taking." *Id.*, Doc. 2 at 32; *see also id.*, Doc. 1 at 9. She also argues that Thompson "could have explained that the text that Agent Bennett testified about in rebuttal was not evidence of health care fraud, but concerned legitimate health care and business practices in caring for the patient discussed." *Id.*, Doc. 2 at 32; *see also id.*, Doc. 1 at 9.

As discussed regarding the text messages exchanged between Movant and W. Stiger, counsel elicited testimony on cross-examination indicating that the questions and subsequent taking of the computers from Movant's home were initiated and carried out by W. Stiger. *See* Doc. 974 at 52-53. Counsel further obtained cross-examination testimony from Agent Bennett that W. Stiger was in law school, no search of Movant's home was conducted, and no computers were taken from the home. *See id.* at 53. Further, the court notes that, assuming for purposes of this Motion only that it had permitted W. Stiger to testify as a sur-rebuttal witness, Movant fails to identify any record evidence from the underlying criminal proceeding or provide any evidence here explaining W. Stiger's text messages to the extent they show that after W. Stiger inquired

about "my computer," he "went home and got *all the computers*" from Movant's home because he "couldn't risk leaving them there." Doc. 974 at 42-43 (emphasis added). Given the testimony obtained by counsel on cross-examination of Agent Bennett, coupled with the conspicuous absence of an explanation for taking all of the computers from Movant's home to avoid an equally unexplained "risk," the court finds on this record that Movant fails to overcome the presumption that not calling W. Stiger as a sur-rebuttal witness was the result of a reasoned trial strategy. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). Movant therefore fails to satisfy the first prong of *Strickland* as to W. Stiger.

Regarding nurse Thompson, as the court has explained, Movant offers only speculation and conclusory statements, which are insufficient to carry her burden under *Strickland*, showing that Thompson was available to testify and would have done so, setting out the content of her proposed testimony, and showing that the testimony would have been favorable to a particular defense. *See Day*, 566 F.3d at 538; *Gregory*, 601 F.3d at 352-53. Accordingly, Movant fails to show that counsel was deficient for failing to call Thompson as a sur-rebuttal witness, and she fails to satisfy the first prong of *Strickland* as to Thompson.

Movant also fails to show resulting prejudice under *Strickland* for both W. Stiger and Thompson. First, she provides no facts or evidence to show that the court would have allowed the testimony of the two proposed sur-rebuttal witnesses. Even if the court were to assume such testimony was permitted and that the witnesses testified as alleged, Movant fails to show a substantial likelihood that the jury would have found her not guilty of her offense of conviction, particularly given the totality of the evidence and testimony presented at trial. *See Cullen*, 563 U.S. at 189; *Crane*, 178 F.3d at 312 (5th Cir. 1999). Because Movant has failed to satisfy her burden

under both prongs of *Strickland*, her claim of ineffective assistance of counsel based on the failure to call sur-rebuttal witnesses is denied.[7]

### 5. Limiting Instruction

In her fifth ground, Movant also contends that trial counsel was ineffective for failing to submit a limiting instruction relating to the rebuttal testimony of Agent Bennett after being requested to do so by the court. *See* No. 3:22-CV-2177-L-BT, Doc. 1 at 9-10; *id.*, Doc. 2 at 31-33.

The record shows that at the conclusion of Agent Bennett's rebuttal testimony, the court conducted a bench conference about the basis on which Movant's text messages underlying Agent Bennett's testimony were being offered into evidence. *See* Doc. 974 at 57-61. As the court understood the Government's representations, the text messages were being offered into evidence as admissions against interest, in other words, as a hearsay exception. *See id.* at 57-58. The Government clarified and explained that though it had referred to the text messages as admissions against interest, it meant for purposes of admissibility that they constituted an "admission by [Movant] in the sense that she made the statement," and as such were not hearsay. *Id.* at 58. Movant's counsel then requested a limiting instruction for the jury to draw its own conclusion whether the text messages were "admissions and statements against interests or admissions by a party opponent and that may cure it." *Id.* at 60. In response, the court stated:

> I don't know if that has any error at this point, but you can submit it, and I will see what I will do with it, if you are willing to submit an instruction. I am not saying

---

[7] Agent Bennett's rebuttal testimony also included testimony about text messages exchanged between Movant and individuals other than W. Stiger and Thompson, including another nurse, Pryor. *See* Doc. 974 at 44-51. In her affidavit, Movant states that Pryor "also should have been called to explain her text messages discussed during the rebuttal phase of trial. . . concerning the time that she was auditing the nursing notes for compliance and training." No. 3:22-CV-2177-L-BT, Doc. 4 at 5. Movant did not raise or otherwise explain this claim in her Motion or brief in support. Even if considered, however, the claim fails because, as with Thompson, Movant fails to show that Pryor was available to testify and would have done so, set out the content of her proposed testimony, and show that the testimony would have been favorable to a particular defense; nor does she demonstrate resulting prejudice. Accordingly, she is not entitled to § 2255 relief on this claim, and it is denied.

**Memorandum Opinion and Order – Page 15**

> what I will do with it, but show it to the government. That is something the Court may consider later on.

*Id.* at 60-61.

Assuming, without deciding, that counsel rendered deficient performance by failing to submit a proposed limiting instruction as alleged, Movant provides no arguments, facts, or evidence showing that the court would have submitted said limiting instruction to the jury. Further, even assuming that the limiting instruction had been submitted to the jury, Movant provides no facts or evidence beyond unsubstantiated and conclusory statements to show a reasonable probability that the result of her trial would have been different. Because Movant's allegations fail to demonstrate resulting prejudice under the second prong of *Strickland*, she is not entitled to § 2255 relief. *See Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530. The claim is therefore denied.

### B. Evidentiary Hearing

Movant seeks an evidentiary hearing in this case. *See* No. 3:22-CV-2177-L-BT, Doc. 2 at 35-36; *id.*, Doc. 21 at 2. No evidentiary hearing under § 2255 is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) ("a defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"); *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). Movant's claims lack merit for the reasons supported by the record and stated above. She therefore is not entitled to an evidentiary hearing on any of her claims.

### IV. Conclusion

The court **denies** Movant's Motion, filed on September 30, 2022 (Doc. 1), and **dismisses with prejudice** this action for the reasons herein stated.

**It is so ordered** this 29th day of August, 2024.

Sam A. Lindsay
United States District Judge